IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAZARETH SAMON SHAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1764-K-BN |
| | § | |
| CHIEF BROWN, ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

### Background

Nazareth Samon Shaw, proceeding *pro se*, brings this civil rights action alleging that Officer J. McMillion used excessive force against him without justification, that Police Chief David Brown failed to investigate his allegations of wrongdoing, and that Dr. Porsa of the Dallas County Hospital District was deliberately indifferent to his serious medical needs by refusing him necessary medical treatment. On May 9, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this

case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 6. Written interrogatories then were sent to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 5. Plaintiff answered the interrogatories on May 23, 2013. *See* Dkt. No. 7.

In his complaint and interrogatory responses, Plaintiff accuses Officer J. McMillion of beating him with a flashlight "for no reasons at all" while he "politely laid down in the streets without any resistance." *See* Dkt. No. 3 at 4; Dkt. No. 7 at Questions 1 & 8. When he brought this misconduct to the attention of Police Chief David Brown, Plaintiff alleges that Brown failed to investigate the allegations or take any corrective action. *See* Dkt. No. 3 at 3; Dkt. No. 7 at Question 4. Finally, Plaintiff asserts that Dr. Porsa denied him treatment for the extensive injuries that he received in the assault. *See* Dkt. No. 3 at 3; Dkt. No. 7 at Questions 5-7.

The undersigned now concludes that Plaintiff's claims against the Chief Brown should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2) but that Plaintiff should be permitted to proceed on his excessive force claim against Officer McMillion and his denial of medical care claim against Dr. Porsa.

## Legal standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)       is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from

such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

*Claims Against Chief David Brown*

Plaintiff has failed to state a claim against Dallas Police Chief David Brown. As a supervisory official, this Defendant cannot be sued for civil rights violations unless he: (1) affirmatively participated in acts that caused a constitutional deprivation or (2) implemented unconstitutional policies that resulted in injury to plaintiff. *See Mouille v. City of Live Oak,* 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff does not allege any personal involvement by Brown and has not identified an official policy or custom that resulted in the denial of his constitutional rights. *See* Dkt. No. 7 at Question 4. Instead, he seeks to hold Brown responsible for ignoring his grievances. *See id.*; *see also* Dkt. No. 3 at 3. According to Plaintiff's allegations, this Defendant did not have a personal role in the excessive force or denial of medical care that are alleged. He cannot be held responsible under Section 1983 for the constitutional violations of subordinates or for failing to take corrective action in response to grievances. *See Campbell v. Tyson*, No. 3:13-cv-1003-M-BN, 2013 WL 2094987, at *3 (N.D. Tex. Apr. 23, 2013) (citing *Mitchell v. Valdez,* No. 3:07-cv-0036-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007)), *rec. adopted*, 2013 WL 2097363 (N.D. Tex. May 14, 2013).

*Excessive Force*

Plaintiff alleges that, in the course of his October 17, 2012 arrest for evading arrest with a motor vehicle, he was beaten numerous times with a flashlight despite the fact that he offered no resistance to Officer McMillion. *See* Dkt. No. 3 at 4; Dkt. No. 7 at Questions 1 & 8. To succeed on an excessive force claim, a plaintiff bears the

burden of showing: "(1) an injury (2) which resulted directly and only from the use of force that was clearly excessive to the need and (3) the force used was objectively unreasonable." *Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). Without suggesting a view as to whether dismissal may be proper in a different procedural context, the Court determines that Plaintiff has alleged enough facts to survive dismissal at this stage of the proceedings.

*Denial Of Medical Care*

That leaves Plaintiff's claims against Dr. Porsa for denial of medical care. This claim is governed by the deliberate indifference standard of the Eighth Amendment to the United States Constitution. In order to establish a constitutional violation based on the denial of medical care, a plaintiff must show that jail officials acted with deliberate indifference such as to cause the "unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). A plaintiff must show that the medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985).

In his complaint and interrogatory responses, Plaintiff states that he "was not treated for extensive injury to assaulted areas" and that Dr. Porsa "intentionally ignored" his injuries. *See* Dkt. No. 3 at 3; Dkt. No. 7 at Question 6. Without suggesting a view as to whether dismissal may be proper in a different procedural context, the Court determines that Plaintiff has alleged enough facts to survive dismissal at this

stage of the proceedings.

## Recommendation

Plaintiff's claims against Chief David Brown should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff should be permitted to proceed on his excessive force claim against Officer McMillion and his denial of medical care claim against Dr. Porsa.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2013

_____
DAVID L. HORAN
UNITED  STATES  MAGISTRATE  JUDGE