IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAZARETH SAMON SHAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1764-K-BN |
| | § | |
| CHIEF BROWN, ET AL., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This is a *pro se* civil action brought by Plaintiff Nazareth Samon Shaw accusing Defendant Jonathan McMillion of using excessive force against him without justification and Defendant Esmaeil Porsa, M.D. of being deliberately indifferent to his serious medical needs by denying necessary medical treatment. As part of their answers, Officer McMillion and Dr. Porsa each plead the affirmative defense of qualified immunity. *See* Dkt. No. 15 at 3; Dkt. No. 20 at 7. Dr. Porsa also pleads lack of subject matter jurisdiction. *See* Dkt. No. 15 at 2. The Court determines that these defenses should be decided on an expedited basis by way of summary judgment. *See Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (noting that "we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation").

Defendants shall each file a motion for summary judgment on their respective defenses specified above by **August 30, 2013**. Each motion must be accompanied by or incorporate a brief, and the motion and brief shall not together exceed 30 pages in length. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included

-1-

in a separate appendix. The appendix shall be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6. Defendants must bracket in the margin of each document in the appendix the portions of the document upon which they rely, and, when citing record materials in the brief, Defendants must support each assertion by citing each relevant page of the appendix. Defendants shall hand deliver a copy of all filings in connection with their motions to the district clerk's office, 1100 Commerce Street, 14th Floor, Dallas, Texas, Attn: Vila Fisher, no later than the next business day after the document is filed. No party may file more than one motion for summary judgment without leave of court. *See* N.D. TEX. L. CIV. R 56.2(b).

All discovery is stayed pending a ruling on Defendants' motions for summary judgment. *See Wicks v. Miss. State Employees Servs., Inc.*, 41 F.3d 991, 994-95 (5th Cir. 1995); *accord Foreman v. Texas A&M Univ. Sys. Health Sci. Ctr.*, No. 3:08-cv-1469-L, 2008 WL 494267, at *4 (N.D. Tex. Nov. 12, 2008) (citing *Wicks* in ruling that discovery is stayed pending a ruling on an individual defendant's dispositive motion). Where Defendants have asserted a qualified immunity defense, the Court can, under certain circumstances, permit limited discovery that is narrowly tailored to uncover facts that the Court needs to rule on the qualified immunity defense. *See Wicks*, 41 F.3d at 994. Upon proper request, the Court may authorize Plaintiff to conduct limited discovery in order to respond to the qualified immunity issues raised in Defendants' summary judgment motions. *See generally Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) ("[T]his court has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense."). After Defendants file their motions, the

Court will issue a further order setting forth procedures and deadlines for any possible request for limited discovery and for Plaintiff's response to Defendants' motions.

SO ORDERED.

DATED: July 31, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE