IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NAZARETH SAMON SHAW,               §
                                   §
          Plaintiff,               §
                                   §
V.                                 §          No. 3:13-cv-1764-K-BN
                                   §
OFFICER J. MCMILLION, ET AL.,      §
                                   §
          Defendants.              §

## ORDER SETTING SUMMARY JUDGMENT BRIEFING SCHEDULE

Defendants have filed separate motions for summary judgment asserting that no evidence exists to support claims of deliberate indifference or use of excessive force and raising the affirmative defense of qualified immunity. *See* Dkt. Nos. 23 & 25. The Court previously entered an order permitting Plaintiff until September 20, 2013 to file a motion to conduct limited discovery on the issue of qualified immunity or to report to the Court that no such discovery is necessary. *See* Dkt. No. 28. No response has been filed. The Court construes Plaintiff's inaction as a report that he does not need to conduct discovery in order to respond to Defendants' summary judgment motions.

Therefore, Plaintiff shall file a written response to each Defendant's motion for summary judgment [Dkt. Nos. 23 & 25] by **October 16, 2013**. The response to each motion must be accompanied by or incorporate a brief, and the response and the brief shall not together exceed 30 pages in length, excluding any table of contents and table of authorities. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified). Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included

in a separate appendix. Plaintiff must bracket in the margin of each document in the appendix the portions of the document upon which Plaintiff relies, and, when citing materials in the record, Plaintiff must support each assertion by citing each relevant page of his own or another party's appendix. The appendix shall be numbered sequentially from the first page through the last and include an index of all documents contained therein. An envelope that contains a non-documentary or oversized exhibit must be numbered as if it were a single page. *See* N.D. TEX. L. CIV. R. 56.6(b).

Any motion for continuance pursuant to Fed. R. Civ. P. 56(d) must be filed separately and may not be included in the response to the motion for summary judgment, brief in support thereof, or any other document.

Defendants may each file a reply brief, but no additional evidence, by **October 30, 2013**. The reply shall not exceed 15 pages in length. *See* N.D. TEX. L. CIV. R. 56.5(b) (as modified).

No supplemental pleadings, briefs, or summary judgment evidence or other documents may be filed in connection with the motion for summary judgment or response thereto without leave of court. *See* N.D. TEX. L. CIV. R. 56.7.

The deadlines set forth in this order will not be modified except upon written motion for good cause shown. Further, the Court strongly discourages any request to extend either of these deadlines through a motion that is filed within three business days of the existing deadline and will grant any such motion only upon a showing in the written motion of extraordinary circumstances.

The Court intends to rule on the motion based on the written submissions of the parties, without hearing oral argument. *See* N.D. TEX. L. CIV. R. 7.1(g) ("Unless otherwise directed by the presiding judge, oral argument on a motion will not be held.").

If, while the motion is pending, the parties are having serious discussions that might make it unnecessary for the Court to rule on the motion, the parties must immediately advise Vila Fisher in the district clerk's office, at (214) 753-2165, that such discussions are ongoing.

Please note that deadlines in this order are for filing or delivery and are not mailing dates.

SO ORDERED.

DATED: September 25, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE