IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAZARETH SAMON SHAW, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-1764-K-BN |
| | § | |
| CHIEF BROWN, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation on Defendants' motions for summary judgment [Dkt. Nos. 23 & 25]. Defendant Esmaeil Porsa's motion for summary judgment [Dkt. No. 23] should be granted. Defendant Jonathan McMillion's motion for summary judgment [Dkt. No. 25] should be denied. The Court should grant Plaintiff's motion for appointment of counsel [Dkt. No. 31] and appoint counsel from the civil *pro bono* panel to assist Plaintiff's prosecution of his remaining claim of excessive force.

**Background**

Nazareth Samon Shaw, proceeding *pro se*, brings this civil rights action alleging that Officer Jonathan McMillion used excessive force against him without justification

and that Dr. Esmaeil Porsa of the Dallas County Hospital District was deliberately indifferent to his serious medical needs by refusing him necessary medical treatment. On May 9, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 3 & 4. Because the information provided by Plaintiff in his pauper's affidavit indicated that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 6. The Court then sent written interrogatories to Plaintiff to obtain additional information about the factual basis of this suit. *See* Dkt. No. 5. Plaintiff answered the interrogatories on May 23, 2013. *See* Dkt. No. 7.

On June 28, 2013, Judge Ed Kinkeade adopted the findings, conclusions, and recommendation of the undersigned and summarily dismissed all claims against Dallas Police Chief David Brown pursuant to 28 U.S.C. § 1915(e)(2). *See* Dkt. Nos. 8 & 9. The Court then ordered the Marshal's Service to serve process on Defendants Porsa and McMillion pursuant to Fed. R. Civ. P. 4(c)(3). *See* Dkt. No. 11.

Both Defendants move for summary judgment. Dr. Porsa contends that there is no evidence to establish that he violated any of Plaintiff's constitutional or statutory rights. *See* Dkt. No. 23 at 1-2. Both Dr. Porsa and Officer McMillion also allege that Plaintiff's civil rights claims are barred by qualified immunity. *See* Dkt. No. 23 at 5-11; Dkt. No. 26 at 8-15. After Plaintiff indicated that he did not require limited discovery on the issue of qualified immunity, *see* Dkt. No. 30, Plaintiff filed responses to Defendants' motions, *see* Dkt. Nos. 35 & 36. Defendants were permitted to submit a

reply brief, *see* Dkt. No. 29, but, while Dr. Porsa submitted a reply brief, *see* Dkt. No. 38, Officer McMillion did not do so. Both summary judgment motions are ripe for determination.

On or about October 17, 2012, Plaintiff was arrested for robbery and evading arrest with a motor vehicle. In his complaint, Plaintiff contends that before his apprehension,

> I fleed from Officer J. McMillion within 4 blocks before pulling over in a Oak Cliff resident area. I jumped out my vehicle in tried to run on feet, so Officer J. McMillion jumped out his car in start chasing me on feet. Within 5 feet I Nazareth Shaw stop running in politely laid down in the streets without any resistance. Officer J. McMillion jumped on me, after putting handcuffs on me, and started beating me in my head numerous of times with his flashlight for no reasons at all. Due to this major head injury that Officer J. McMillion caused, I was hospitalize for 2 weeks and now suffer major head pains, blurry visions.

Dkt. No. 3 at 4. In his interrogatory responses, too, Plaintiff states that, after evading arrest for approximately five feet, he laid on the ground with his hands behind his back and provided no resistance. *See* Dkt. No. 7 at Questions 1 & 8. Notwithstanding his compliance and the fact that he was handcuffed, Officer McMillion "started beating [him] in [his] head numerous of times with his flashlight for no reasons at all." *Id.* at Question 8. Plaintiff asserts that Dr. Porsa denied him treatment for the extensive injuries that he received in the assault. *See* Dkt. No. 3 at 3; Dkt. No. 7 at Questions 5-7. He claims that Dr. Porsa "did'nt give [him] enough time to recover from head injury that was stapled, swellings, severe pains, suffering with concussions. My medical treatment was intentionally ignored with lack of medical needs." Dkt. No. 7 at Question 6.

In moving for summary judgment, both Officer McMillion and Dr. Porsa provide sworn affidavits refuting Plaintiff's claims and asserting the affirmative defense of qualified immunity. Porsa states:

> During this incarceration at the Dallas County Jail, I did not see Nazareth Shaw as a patient. His allegations that I did not render proper medical care to him for injuries he says he sustained at the hands of the arresting officer cannot be true, because I was not one of his health care providers. I did not refuse to render any medical care to him for any serious medical condition of which I was aware, because I did not see him as a patient and did not have knowledge of his medical condition. Nor was I asked by the nurses or any allied health care personnel to consult on his case. I was simply not personally involved in his health care during this incarceration.

Dkt. No. 23-1 at 7. Plaintiff appears to concede that Dr. Porsa was not involved in his medical care but suggests that Porsa is liable as a supervisor at the Dallas County Hospital because he "has knowledge of the physician that treated" Plaintiff. Dkt. No. 36 at 1-2.

Officer McMillion and another Dallas Police Department officer, Robert Ott, have also submitted sworn affidavit testimony. Officer McMillion explains that when confronted, Plaintiff

> stopped, turned, and faced me in a threatening manner, forming his hands into fists and taking a fighting stance while I ordered him to get on the ground. Mr. Shaw did not comply. I reasonably feared that Mr. Shaw was going to strike me. I could not use my collapsible baton since I was holding my flashlight, so I used my flashlight as an improvised impact weapon striking Mr. Shaw's upper left arm area while at the same time continuing to order him to get on the ground. As Mr. Shaw flinched and attempted to evade the blows, the flashlight inadvertently struck the left side of Mr. Shaw's head, however, most of the blows struck Mr. Shaw's upper left arm and shoulder area.

Dkt. No. 27-1 at 2.

-4-

## Legal Standards

Under Fed. R. Civ. P. 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not rest upon the allegations or denials contained in its pleadings." *Id.*; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Court is required to view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if both parties have introduced evidence showing that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540

(5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539, 541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075. Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). If, "after the nonmovant has been given an opportunity to raise a genuine factual issue," "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005); *Steadman v. Texas Rangers*, 179 F.3d 360, 366 (5th Cir. 1999). The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075.

"Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a] failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g.*, *Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *See Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1992). The verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings comport with the requirements of Rule 56(e). *See King v. Dogan,* 31 F.3d 344, 346 (5th Cir. 1994). Here, Plaintiff's complaint and his interrogatory answers are verified. *See* Dkt. No. 3 at 5; Dkt. No. 7 at 12.

Defendants move for summary judgment on their qualified immunity defense. "Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known.'" *Winston v. City of Shreveport,* 390 F. App'x 379, 383, 2010 WL 3190709, at *3 (5th Cir. Aug. 12, 2010) (quoting *Pearson v. Callahan,* 555 U.S. 223, 231 (2009)); *see also Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The Supreme Court has established a two-step analysis to determine whether government officials are entitled to qualified immunity. First, the court must decide "whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer,* 536 U.S. 730, 736 (2002); *see also Kinney v. Weaver,* 367 F.3d 337, 356 (5th Cir. 2004). Second, the court must ask "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Pearson,* 555 U.S. at 232 (citing *Saucier v. Katz,* 533 U.S. 194, 201 (2001)).

Once a defendant invokes his entitlement to qualified immunity, "the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia,* 305 F.3d 314, 323 (5th Cir. 2002). This burden applies both at trial and on summary judgment. *See id.*; *see also Bazan v. Hidalgo County,* 246 F.3d 481, 489 (5th Cir. 2001). The plaintiff must rebut the defense by establishing that the allegedly wrongful conduct violated clearly established law. *See Michalik v. Hermann,* 422 F.3d 252, 262 (5th Cir. 2005). In order to overcome the defense of qualified immunity at the summary judgment stage, the plaintiff cannot rest on conclusory allegations or assertions but must demonstrate genuine issues of material fact regarding the reasonableness of the defendant's conduct. *See id.*

**Analysis**

Denial of Medical Care

Dr. Porsa raises both a "no evidence" claim and the defense of qualified immunity to Plaintiff's denial of medical care claim. Allegations regarding the denial of medical care are governed by the Eighth Amendment's deliberate indifference standard. In order to establish a constitutional violation based on the denial of medical care, a plaintiff must show that jail officials acted with deliberate indifference such as to cause the "unnecessary and wanton infliction of pain." *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). This, in turn, requires proof that a state actor was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth,* 74 F.3d 633, 648 (5th Cir. 1996) (citing *Farmer v. Brennan,* 511 U.S. 825, 847 (1994)). Delay in providing medical care does not rise to the level of a constitutional violation unless the delay results in substantial harm. *See Mendoza v. Lynaugh,* 989 F.2d 191, 195 (5th Cir. 1993). Nor does an incorrect diagnosis, disagreement with medical treatment, or the failure to provide additional medical treatment constitute deliberate indifference. *See Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001); *Norton v. Dimazana,* 122 F.3d 286, 292 (5th Cir. 1997). Rather, a plaintiff must show that the medical staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985).

The summary judgment evidence establishes that there is no genuine dispute

of material fact that Plaintiff was not treated by Dr. Porsa; he was treated by other medical professionals. *See* Dkt. No. 23-1 at 7-8. Accordingly, Dr. Porsa cannot be responsible for deliberate indifference. Because Dr. Porsa was not present, Plaintiff cannot establish that Dr. Porsa engaged in the "wanton disregard for any serious medical needs" that is prohibited by the Eighth Amendment. *Domino*, 239 F.3d at 756.

Plaintiff appears to allege that, as medical director of the Dallas County Jail Health Services Department, Dr. Porsa is liable for the conduct of other physicians at the Jail. *See* Dkt. No. 36 at 1-2. As a supervisor, Dr. Porsa is liable to Plaintiff only if he (1) affirmatively participated in acts that caused a deprivation of Plaintiff's constitutional rights or (2) implemented unconstitutional policies that resulted in injury to Plaintiff. *See Mouille v. City of Live Oak*, 977 F.2d 924, 929 (5th Cir. 1992). Plaintiff does not allege that Dr. Porsa himself exhibited any conduct that was deliberately indifferent to his serious medical needs, and Plaintiff does not identify a policy, custom, or practice that Dr. Porsa adopted or implemented and that sanctions or condones the constitutional violations made the basis of ths suit.

Instead, Plaintiff appears to allege that Dr. Porsa is legally responsible for the operation of the prison health system and the actions of his subordinates. *See* Dkt. No. 36 at 1-2. But there is no *respondeat superior* liability under 42 U.S.C. § 1983. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989). Even if Dr. Porsa knew of misconduct against Plaintiff or failed to investigate Plaintiff's grievances, this conduct alone does not give rise to liability under Section 1983. *See Milazzo v. Young*, No. 6:11-cv-350, 2011 WL 6955710, at *4 (E.D. Tex. Dec. 11, 2011), *rec. adopted*, 2012 WL 28102

(E.D. Tex. Jan. 4, 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009)) (supervisors not liable merely because they know of or acquiesced in misconduct by a subordinate); *see also Mitchell v. Valdez*, No. 3:07-cv-36-B, 2007 WL 1228061, at *2 & n.1 (N.D. Tex. Apr. 25, 2007) (supervisors not responsible for the constitutional violations of their subordinates or for failing to take corrective action in response to grievances).

Plaintiff has not alleged facts that meet the extremely high deliberate indifference standard. Because Plaintiff has not pled or alleged sufficient facts to establish a claim of deliberate indifference, Dr. Porsa is entitled to summary judgment on this claim based on qualified immunity. *See, e.g.*, *Pierce v. Smith*, 117 F.3d 866, 872 (5th Cir. 1997) ("We do not require that an official demonstrate that he did not violate clearly established federal rights; our precedent places that burden upon plaintiffs." (internal quotation marks omitted)).

Excessive Force Claims

Plaintiff contends that, on October 17, 2012, Officer James McMillion assaulted him with a flashlight while he was handcuffed and compliant. *See* Dkt. No. 3 at 4; Dkt. No. 7 at Questions 1 & 8. Officer McMillion provides summary judgment evidence to rebut these allegations. He and Officer Robert Ott contend that Plaintiff was entirely non-complaint, acted in a threatening manner, and refused to permit Officer McMillion to apply handcuffs. *See* Dkt. No. 27-1 at 2 & 5. They deny the use of excessive force. *See id.* Further, Officer McMillion urges that Plaintiff has not established that he suffered more than *de minimus* injury. *See* Dkt. No. 26 at 10-11.

A claim that a law enforcement officer used excessive force in the course of an

arrest is analyzed under the Fourth Amendment. *See Graham v. Connor,* 490 U.S. 386, 395 (1989). An excessive-use-of-force claim requires a plaintiff to prove 1) an injury that 2) resulted directly and solely from the use of force that was clearly excessive to the need and 3) the excessiveness of which was objectively unreasonable. *See Ikerd v. Blair,* 101 F.3d 430, 433-34 (5th Cir. 1996). This determination "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham,* 490 U.S. at 396. The right to be free from excessive force during an arrest, investigatory stop, or other personal seizure was clearly established when the incident at issue occurred. *See Poole v. City of Shreveport,* 691 F.3d 624, 627-28 (5th Cir. 2012) (citing *Graham,* 490 U.S. at 396).

To establish an injury sufficient to sustain an excessive force claim under the Fourth Amendment, some injury must be shown, but a plaintiff need not have sustained a serious or significant injury. *See Ikerd,* 101 F.3d at 433-34 n.7. Instead, the extent of the injury "necessary to satisfy [the] requirement of 'some injury' and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances." *Id.* at 435; *see also Wilkins v. Gaddy,* 559 U.S. 34, 37-39 & n.2 (2010) (discussing "some injury" requirement in the context of alleged Eighth Amendment violation).

According to Plaintiff's allegations, Officer McMillion assaulted him with a flashlight despite the fact that he was compliant and handcuffed. As a result of this

conduct, Plaintiff suffered injuries to his head that required hospitalization. Although Defendant has provided evidence to refute Plaintiff's factual assertions, on summary judgment, the Court must review all evidence in the light most favorable to Plaintiff, as the non-movant. *See Rosado v. Deters,* 5 F.3d 119, 123 (5th Cir. 1993); *see also Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods.,* 530 U.S. 133, 150 (2000)) (court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment); *Freeman v. Gore,* 483 F.3d 404, 410 (5th Cir. 2007) (in deciding qualified immunity on summary judgment, the question is "whether, viewing the summary judgment evidence in the light most favorable to the plaintiff, the defendant violated the plaintiff's constitutional rights.").

Viewing the allegations and summary judgment evidence most favorably to Plaintiff, the summary judgment evidence shows disputed issues of fact material to whether Officer McMillion's conduct was objectively reasonable in light of the surrounding circumstances. *See Hale v. Townley,* 45 F.3d 914, 918-19 (5th Cir. 1995). Thus, the undersigned concludes that Plaintiff has sufficiently alleged a violation of a clearly-established constitutional right of which a reasonable person would have known. Summary judgment is not appropriate to Plaintiff's excessive force claim against Officer McMillion.

## Recommendation

Defendant Esmaeil Porsa's motion for summary judgment [Dkt. No. 23] should be granted. Defendant Jonathan McMillion's motion for summary judgment [Dkt. No.

25] should be denied. The Court should also grant Plaintiff's motion for appointment of counsel [Dkt. No. 31]. Upon entry of an order adopting these findings, conclusions, and recommendation, the Court should appoint counsel from the civil *pro bono* panel to assist Plaintiff in prosecuting his remaining claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 5, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE